# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAIVIONTAE TYRELL JOHNSON,

    Plaintiff,

v.

JAMIE QUEZADA and SARAH TETZLAFF,

    Defendants.

Case No. 25-CV-607-JPS

**ORDER**

    Plaintiff Daivionte Tyrell Johnson, an inmate confined at Green Bay Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. ECF No. 1. On June 16, 2025, Plaintiff filed an amended complaint. ECF No. 11. On July 21, 2025, Plaintiff filed a letter to provide the names of the Jane Doe defendants. ECF No. 14. On August 1, 2025, the Court screened the amended complaint, found that it failed to state a federal claim, and allowed Plaintiff the opportunity to file a second amended complaint. ECF No. 15. On August 11, 2025, Plaintiff filed a second amended complaint. ECF No. 16. This Order screens that complaint.

1.    **FEDERAL SCREENING STANDARD**

    Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

2.  **PLAINTIFF'S ALLEGATIONS**

Plaintiff names Jamie Quezada ("Quezada") and Sarah Tetzlaff ("Tetzlaff") as defendants. ECF No. 16 at 1. On September 23, 2023, Plaintiff attempted to commit suicide by swallowing two razors and a handful of pills at Waupun Correctional Institution ("WCI"). *Id.* at 2. As a result, Plaintiff was sent to Waupun Memorial Hospital for treatment. *Id.* Plaintiff was admitted to the hospital and was waiting for an endoscope procedure

Page 2 of 6
Case 2:25-cv-00607-JPS   Filed 09/08/25   Page 2 of 6   Document 17

to remove the two razors. *Id.* Plaintiff alleges that Tetzlaff and Quezada were acting under color of state law while treating him based on WCI's contract with Waupun Memorial Hospital.

WCI did not have enough staff to watch Plaintiff at the hospital. *Id.* at 2–3. As a result, Defendants allowed the security team from WCI to deny Plaintiff's medical treatment. *Id.* at 3. Defendants failed to intervene to prevent Plaintiff from being returned to WCI. *Id.* Tetzlaff ignored the surgeon's orders and failed to protect Plaintiff. *Id.* Quezada deliberately ignored the surgeon's orders by discharging Plaintiff when he was not medically stable. *Id.* As a result of Defendants' actions, Plaintiff suffered in pain for weeks and experienced seizures. *Id.* Plaintiff never refused surgery. *Id.*

3. **ANALYSIS**

The Court finds that Plaintiff may proceed against Quezada and Tetzlaff on an Eighth Amendment deliberate indifference claim for their indifference to Plaintiff's serious medical needs. The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (internal quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)). "A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily

Page 3 of 6
Case 2:25-cv-00607-JPS    Filed 09/08/25    Page 3 of 6    Document 17

prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). The length of delay that is tolerable "'depends on the seriousness of the condition and the ease of providing treatment.'" *Id.* (quoting *McGowan*, 612 F.3d at 640).

At the screening stage, the Court finds that Plaintiff's allegations are sufficient to proceed against Quezada and Tetzlaff. Plaintiff alleges that Defendants deliberately disobeyed a surgeon's orders and caused him significant pain as a result of the delay in his treatment. As such, the Court finds that Plaintiff may proceed against Quezada and Tetzlaff on an Eighth Amendment deliberate indifference claim for their indifference to Plaintiff's serious medical needs. The Court notes parenthetically that is it is still not entirely clear whether Defendants were acting under color of state law; however, the liberal pleading standard allows Plaintiff to proceed at this juncture based on his allegations.

### 4. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment claim against Quezada and Tetzlaff for their deliberate indifference to Plaintiff's serious medical needs.

Accordingly,

**IT IS ORDERED** that the U.S. Marshals Service shall serve a copy of the second amended complaint and this order upon Defendants **Quezada and Tetzlaff** pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the Court or by

the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Defendants **Quezada and Tetzlaff** shall file a responsive pleading to the second amended complaint; and

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the second amended complaint, and Plaintiff should strongly consider filing an additional amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice.

Dated at Milwaukee, Wisconsin, this 8th day of September, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.